BROWN ET AL VS GORMAN.

Opinion delivered Sept. 26, 1907.

(104 S. W. Rep. 1165).

1. *Execution—Pleading.*

A complaint, to restrain an execution, alleging that judgment was unjustly recovered by defendants in the Mayor's Court, there having been no service on real defendants, and that the appeal was dismissed without the knowledge either of plaintiff or his attorney, without a hearing, he having been misled when the Appellate Court announced that no civil business would be heard at that term and that plaintiff has no sufficient remedy at law, authorizes the relief requested.

2.  *Same—Demurrer.*

> Upon sustaining a demurrer to a complaint it was improper to dismiss the complaint in an action to restrain execution on a judgment, and plaintiff should have asked and been granted time to amend, or have appealed from the judgment.

Appeal from the United States Court for the Western District of the Indian Territory; before Justice Louis Sulzbacher, January 18, 1906.

Suit to vacate a judgment by S. W. Brown and others against Pat Gorman. From a judgment dismissing the complaint plaintiffs appeal. Reversed and remanded.

On December 18, 1905, plaintiffs (appellants) filed their complaint in the United States Court at Sapulpa, Ind. Ter., alleging that the defendants had recovered a judgment in the mayor's court of the town of Sapulpa, Ind. Ter., of the sum of $190.60, which judgment was unjust and unwarranted by evidence, no service having been had on the real defendant Walter Wiley; that from said judgment appellants appealed, but that, in the absence, and without the knowledge, of appellant or his attorneys, the appeal was dismissed without a hearing; that appellant was misled by the announcement of the presiding judge of the court that there would be no civil business tried at the court at which said judgment was rendered; that said judgment arose on a claim against a man named Wiley concerning Indian lands, with which appellant had nothing to do, and for which appellant received no consideration in any way; and praying temporary restraining order and final order prohibiting the issuance of execution upon said judgment, and that the judgment rendered might be set aside and declared null and void, and for other, further, and general relief. Upon filing bond, the issuing of execution was ordered suspended by the court. The defendant thereafter, on January 17, 1906, filed demurrer to the complaint as follows: (1) That there is a defect of parties defendant; (2) the plaintiff has an adequate

remedy at law; (3) the complaint does not state facts sufficient to constitute a cause of action. And on January 19, 1906, said demurrer was heard by the court, and the court sustained the demurrer and ordered the complaint dismissed, to which plaintiffs excepted and prayed an appeal, which appeal was allowed, and on which appeal appellant assigns the following errors: (1) Because there was no defect of parties defendant; (2) because the complaint showed upon its face that plaintiff had no adequate remedy at law for his proper relief; (3) because the complaint does show and state facts sufficient to constitute a cause of action, and it sought relief by injunction against a judgment at law based upon a void contract for the sale of land belonging to an Indian whose restrictions had not been removed, and whose inability to sell was known to appellee, purchaser, and who was also the principal party to the sale (4) because said complaint was filed in the nature of a bill of review of a judgment rendered upon a void contract or title bond for the sale of land not subject to alienation.

*Mars & Mars*, for appellants.

*L. B. Jackson* and *J. J. Jones*, for appellee.

GILL, C. J. (after stating the facts as above). The complaint in this action is to restrain the issuance of execution upon a void judgment. While there are some other parties whom it was claimed should have been made defendants in the action, there is no defect of parties, as there is but one party named, and he the judgment creditor.

Second. The plaintiff, if he had a cause of action at all, as against this judgment, is remediless save in a court of equity.

Third. Does the complaint state facts to constitute a cause of action? To this we must reply in the affirmative. The complaint alleges, in substance, that appellee, Gorman, had obtained a judgment without service upon the defendant, and that such judgment was void, not only for that reason, but for other reasons. If the allegation in the complaint is true—

that no service was had upon appellant—a personal judgment could not be had as against him, and he would have the right of intervention by a Court of Equity to restrain the issuance of execution upon such judgment. The demurrer admits this allegation, and we must hold that the complaint states facts sufficient to constitute a cause of action, and that the court below erred in sustaining the demurrer.

But there is further error in this record. Upon application the court granted a preliminary injunction. There was no motion to dissolve this injunction, and the court seems, upon sustaining the demurrer, to have dismissed the complaint. We do not think that this is the proper practice. Upon sustaining the demurrer to the complaint, the plaintiffs should have required and been given time to amend or to have stood upon the complaint and brought the action to this court.

Finding error in this record the case is reversed an d remanded, with direction to the court below to overrule the demurrer and require the appellees (defendants below) to plead and allow the case to take its usual course.

CLAYTON, TOWNSEND, and LAWRENCE, JJ., concur.